Mr. Allan Pruitt Arkansas Employment Security Division P.O. Box 2981 Little Rock, AR 72203-2981
Dear Mr. Pruitt:
This is in response to your request for our review of an "Agreement for Microfilm Services" entered between the Arkansas Employment Security Division ("AESD") and the Department of Correction ("Department"). You have requested our review and approval pursuant to A.C.A. 25-20-104(f).
It must be concluded that 25-20-104(f) is inapplicable in this instance. This Code provision is part of the Interlocal Cooperation Act (A.C.A. 25-20-101 et seq.), which authorizes agreements for "joint cooperative action" between or among public agencies. A.C.A. 25-20-104(b). Approval by the Attorney General of such agreements is required under 25-20-104(f).
Section 25-20-104(a) sets forth the basis for such agreements wherein it states in part:
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law. . . .
Subsection (b) of 25-20-104 then states: "Any two (2) or more public agencies may enter into agreements with one another for joint cooperative action pursuant to the provisions of this subchapter."
It is thus apparent that the agreements envisioned under the Interlocal Cooperation Act offer a vehicle for the joint exercise of the same "powers, privileges, or authority" which each agency may exercise independently. The emergency clauses contained in Section 10 of Act 430 of 1967 (the Interlocal Cooperation Act) and Section 415 of 1973 (which included school districts as public agencies, codified at A.C.A. 25-20-103), offer further evidence of legislative intent wherein it is stated that this cooperative authority will enable agencies to perform their respective functions and provide services much more efficiently.
The submitted agreement, which involves the performance of microfilm services for AESD by the Department, appears to be more in the nature of a contract for services, rather than a joint undertaking, for purposes of the Interlocal Cooperation Act. See A.C.A. 25-20-108. Approval by this office is, therefore, not a condition precedent to its entry into force.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.